# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 16 2011

Stephan Harris, Clerk
Cheyenne

KIT I. FOOTE, a Wyoming resident,   )
                                    )
         Plaintiff,                 )
                                    )
    vs.                             )   CASE NO. 11-CV-60-F
                                    )
AETNA LIFE INSURANCE COMPANY,       )
a Connecticut corporation,          )
                                    )
         Defendant.                 )

## COMPLAINT

COMES NOW the Plaintiff in the above referenced action, by and through her attorney of record, Glenn E. Smith, and for her claim for relief against the Defendant, Aetna Life Insurance Company, Plaintiff alleges and states as follows:

### PARTIES AND PRINCIPLES TO THE ACTION

1.  Plaintiff Kit I. Foote (hereinafter "Plaintiff") is a resident of Wyoming. At times relevant to the allegations set forth in this Complaint, Plaintiff was employed as a heavy equipment operator by Arch Coal, Inc. in the State of Wyoming. At all times material to the allegations made in this Complaint Plaintiff was insured under the Arch Coal, Inc. Long Term Disability Insurance Plan.

2. Aetna Life Insurance Company ("Aetna") is a life and health insurer incorporated in the State of Connecticut and is licensed to transact the business of insurance as a foreign insurer in the State of Wyoming. The Arch Coal, Inc. Long Term Disability Insurance Plan was underwritten by Aetna through a group disability insurance policy issued by Aetna to Arch Coal, Inc. Aetna serves as the claim administrator under the Plan.

3. Arch Coal, Inc. is a large coal producer incorporated in the State of Delaware. As part of its employee benefit plan, Arch Coal Inc. established and serves as plan administrator of a long-term disability plan through which the Plaintiff in this action was insured.

## JURISDICTION AND VENUE

4. All claims for relief set forth in the Plaintiff's Complaint are governed by the terms and provisions of the Employers Retirement and Income Security Act of 1974 ("ERISA"). This action is brought pursuant to 29 U.S.C. §1132(a)(B). The Court has jurisdiction over the claims asserted by the Plaintiff in this action pursuant to 29 U.S.C. §1132(e)(1).

5. Because the Arch Coal, Inc. Long-Term Disability Plan was administered in this district and the breach of that plan occurred in this district, venue in this Court is proper under 29 U.S.C. §1132(e)(2).

## STANDARD OF REVIEW AND EXHAUSTION OF REMEDIES

6. Under the Aetna Summary Plan Description of the Arch Coal, Inc. Long-Term Disability Plan, the plan administrator maintains the right to interpret

the terms of the Plan. This language may be sufficient to create a an arbitrary and capricious standard of review of Aetna's claim decision in this case.

7. If an arbitrary and capricious standard of review is found to be applicable, Aetna is a conflicted fiduciary under the facts and circumstances of this case because it serves as the claim administrator of the Arch Coal, Inc. Long-Term Disability Plan with authority to approve or deny claims, but also stands to benefit financially from the claim decisions it makes. That conflict, therefore, must be considered as a factor in whether the Plaintiff's denial of benefits was arbitrary and capricious and reduces any deference that may be otherwise accorded to a claim decision under an arbitrary and capricious standard of review.

8. Following the termination of her disability benefits by Aetna, Plaintiff filed an administrative appeal requesting that Aetna's decision be reversed. On June 9, 2010, Aetna upheld its original decision to terminate benefits. Thus, Plaintiff has exhausted her administrative remedies under the Arch Coal, Inc. Long-Term Disability Plan.

## STATEMENT OF FACTS

9. On or about January 29, 2005, while Plaintiff was driving home from work, the dual tires of an oncoming trick came off, striking her vehicle and knocking her off the road. She struck a cement culvert before coming to a stop.

10. Plaintiff sustained severe neck, shoulder, and upper spinal column injuries in this accident, including a rotator cuff tear, left should labral injury, a

torn tendon in her hip, and a herniated disc at C5-6. She also experienced a series of seizures following the accident at various times.

11. Plaintiff underwent an iliac crest bone graft and plate at C5-6 on or about June 14, 2005 and had revision surgery in 2009. She also had rotator cuff surgery during in the summer of 2995. These surgeries were not effective to decrease the severe pain in her neck, left shoulder, hip and the pain radiating down her entire left side. Subsequent Physical therapy and other forms of conservative treatment did nothing to relieve the Plaintiff's debilitating pain. Prescriptive pain relievers were prescribed but they were either ineffective or produced side effects that Plaintiff could not tolerate.

12. The Arch Coal, Inc. Long Term Disability Summary Plan Description defined disability as follows:

> You will be considered disabled if, because of sickness or injury, you meet **either** of the following conditions:
>
> • You cannot perform each of the material duties of your regular occupation.
>
> • You are unable to earn at least 80% of your indexed monthly earnings.
>
> After benefits have been paid for 24 months, you will continue to receive payments from the Plan if you meet **either** of the following conditions:
>
> • You are working in any occupation but are unable to earn at least 60% of your indexed monthly earnings.
>
> • You cannot perform each of the material and substantial duties of any occupation for which you are reasonably qualified by training, education or experience. [Emphasis original].

13. In Aetna's June 9, 2010 letter denying Plaintiff's appeal, Aetna stated as follows: "It was evidence that Ms. Foote was working part-time in another occupation."

14. Plaintiff's last day of full-time work at Arch Coal, Inc. was November 9, 2005. No longer able to perform the duties of her job at Arch Coal, Inc., Plaintiff applied for long-term disability benefits under the Arch Coal, Inc. Long Term Disability Plan. Aetna, as claims administrator, determined that Plaintiff was disabled under the "own occupation" definition of total disability and approved her disability claim, effective May 15, 2006.

15. Plaintiff continued to receive long-term disability benefits of $2688.40 per month under the Arch Coal, Inc. Long Term Disability Plan until they were terminated by Aetna, effective September 1, 2009. Because the two-year "own occupation" period under the Plan expired in May of 2008, Plaintiff alleges on information and belief that for a period of time, until September 1, 2009, Aetna considered the Plaintiff to be totally disabled under the "any occupation" definition of total disability, in which benefits are payable only if the insured is unable to perform the duties of any occupation for which the insured is reasonably suited by reason of his or her education, training or experience.

16. According to Aetna, Plaintiff's benefits were terminated because "the information in [Plaintiff's] file failed to continue to support that she was unable to perform any "reasonable occupation." Aetna did not cite any change or improvement in Plaintiff's medical condition as a basis for termination.

17. On February 23, 2010 Plaintiff appealed Aetna's termination of benefits. By letter dated June 9, 2010, Plaintiff's appeal was denied and her termination of benefits was upheld by Aetna. The basis for denying Plaintiff's appeal was Aetna's belief that she was able to perform sedentary work, that her medical records did not support a functional impairment, and that she suffered from no neurological deficit.

18. At the time Aetna terminated Plaintiff's disability benefits, Plaintiff was still suffering from severe, debilitating pain that prevented her from working in any full-time occupation.

### CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. 1132(a)(1)(B)

Plaintiff re-alleges all facts set forth elsewhere in her Complaint as if fully set forth in her Claim for Relief and further alleges and states as follows:

19. At all times material to the facts alleged in this Complaint, the Arch Coal, Inc. Long-Term Disability Plan was subject to and governed by ERISA.

20. Plaintiff's Claim for Relief is asserted under the provisions of 29 U.S.C. §1132(a)(1)(B), which empowers the beneficiaries of an employee benefit plan, such as the Plaintiff, to recover benefits due under the terms of the plan and to enforce their rights under the terms thereof.

21. If the standard of review in this action is one requiring an arbitrary and capricious claim decision, Plaintiff is entitled to recover past due benefits under the terms of the Plan because Aetna acted arbitrarily and capriciously in terminating Plaintiff's long-term disability benefits. The arbitrary and capricious

termination of benefits occurred in numerous ways, including but not limited to, the following:

a. Aetna deliberately ignored or purposefully applied only a portion of the Plan's definition of "any occupation" disability. Aetna considers an insured to be disabled from "any occupation" if one of two conditions are met: (1) "you are working in any occupation but are unable to earn at least 60% of your indexed monthly earnings" or (2) "you cannot perform each of the material and substantial duties of any occupation for which you are reasonably qualified by training, education or experience." Aetna acknowledged in its denial of Plaintiff's appeal that Plaintiff was working in another occupation, yet totally failed to apply the first test for "any occupation" disability. Because Plaintiff was working in another occupation and was not earning 60% of her indexed monthly earnings, she is disabled under the Plan. In any event, Aetna arbitrarily and capriciously ignored the fact that Plaintiff was working in another occupation, thus triggering the first part of the first part of the "any occupation" test, and made no effort to determine what her earnings were or whether they exceeded 60% of her indexed monthly earnings.

b. Plaintiff is totally disabled, even under the "any occupation" definition of total disability, because her severe and debilitating pain makes it impossible for her to perform the duties of any job on a full-time basis. In terminating Plaintiff's benefits, Aetna totally ignored, or refused to consider, the effect that constant, severe, and debilitating pain may have on Plaintiff's ability of to engage in any type of full-time work.

c.  Aetna ignored the ability of Plaintiff to engage in work of any kind on a full-time basis while taking medication, and its attendant side effects, to relieve her pain.

d.  Aetna ignored Plaintiff's ability to sleep on a nightly basis and the effect that a severe lack of sleep on a nightly basis may have on her ability to function in any type of job on a full-time basis.

e.  Aetna totally ignored Plaintiff's history of recurrent seizures following her automobile accident and the effect they may have upon Plaintiffs ability to engage in, or even find, full-time employment.

f.  Although Plaintiff may have been able to engage in some type of sedentary work on a part time basis, Aetna failed to consider that Plaintiff's medical condition made it impossible for her to work at any job eight hours a day, five days a week, fifty two weeks a year. Plaintiff's ability to work a few hours a week, or even every day, does not prevent her from meeting the Plan's "any occupation" definition of total disability.

g.  Aetna's reason for terminating Plaintiff's claim for disability benefits was that the medical evidence in her file no longer supported her inability to perform any "reasonable occupation." Yet Aetna failed to show that Plaintiff's medical condition had improved or changed in any way to support a finding that she was no longer disabled after September 1, 2009 when, before September 1, 2009, Aetna considered her to be totally disabled from performing any occupation.

h.  While Plaintiff's treating physicians may have believed at times that Plaintiff was capable of part time, sedentary activity, at no time did they ever voice the opinion that she was medically able to engage in full-time employment, and at no time did either physician ever give Plaintiff a medical release to engage in full time work.

i.  In terminating Plaintiff's disability benefits, Aetna relied heavily upon the lack of objective medical evidence to support her disability. Yet nowhere in the Arch Coal, Inc. Long-Term Disability Plan does Aetna require that disability be supported by objective medical evidence. Subjective evidence alone is sufficient to support a finding of total disability under the Plan.

j.  As a fiduciary charged with acting solely in the interests of the Plaintiff, Aetna was required to gather and evaluate evidence in support of Plaintiff's claim to the same degree and extent that it was required to gather and evaluate evidence to support a termination of benefits. Yet Aetna had made up its mind to terminate benefits without any attempt to impartially weigh all factors that prevented Plaintiff from working on a full-time basis.

k.  In finding that Plaintiff was not totally disabled from any occupation, Aetna totally ignored whether there are were actual employers who would be willing to hire her on a full-time basis if made aware of her complete medical history.

l.  Aetna is a fiduciary under ERISA who termination Plaintiff's disability benefits under an inherent conflict of interest.

20. Plaintiff reserves the right to rely upon additional evidence of arbitrary and capricious conduct as it may be disclosed by Aetna's administrative record once it is produced in this action.

21. For all the above reasons, Aetna's decision to terminate Plaintiff's disability benefits, after considering her to be totally disabled for a period in excess of four years, was arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Aetna for all past and future benefits due the Plaintiff under the Arch Coal, Inc. Long-Term Disability Plan, including prejudgment interest and costs as allowed by law, reasonable attorney's fees as provided under 29 U.S.C. §1132(g)(1), and all other damages, remedies and forms of equitable relief allowable under 29 U.S.C. §1001 *et. seq.*

Dated this 16th day of February, 2011.

Respectfully submitted,

Kit I. Foote,

Plaintiff

BY: *[signature]*
Glenn E. Smith
Glenn E. Smith & Assoc.
216 Longs Peak Dr.
Cheyenne, WY 82009

Attorney for Plaintiff

307-635-4912-T
Nyyanks37373@aol.com

11